**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 27, 2012

Lyle W. Cayce
Clerk

No. 11-70029

ROBERT GENE GARZA,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CV-258

Before JOLLY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Gene Garza was convicted of murder in Texas state court and sentenced to death. The district court denied habeas relief and refused to certify any issues for appeal. Garza is now before this court seeking a certificate of appealability (COA) for his claim that his trial counsel rendered ineffective assistance. Because we conclude that reasonable jurists could not find debatable the district court's conclusion that the state habeas court did not unreasonably

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-70029

apply *Strickland v. Washington*, 466 U.S. 668 (1984), to the record before it, Garza's request for a COA is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Garza was convicted by a jury of capital murder for his involvement in the September 2002 shooting death of four women outside Donna, Texas. After a separate punishment hearing, Garza received a death sentence. In 2007, the Texas Court of Criminal Appeals affirmed Garza's conviction and sentence on direct appeal. Garza applied for state habeas corpus relief. Following an evidentiary hearing, the state habeas court entered a 448-page opinion recommending Garza's application be denied. In 2008, the Court of Criminal Appeals adopted the recommendation and denied relief.

Garza then sought federal habeas relief. In his petition before the district court, Garza presented nine claims challenging the validity of his conviction and sentence. The district court granted summary judgment against Garza on the merits and held *sua sponte* that Garza was not entitled to a COA on any issue. Garza is now before this court requesting a COA on two of the claims he presented to the district court, both of which assert violations of his constitutional right to effective trial counsel. Specifically, Garza alleges his trial counsel rendered ineffective assistance by failing to: (1) challenge aggravating punishment evidence the State could have offered, but did not, and (2) present any mitigating evidence at the punishment phase of his trial.

## LEGAL STANDARDS

Before appealing a district court's denial of habeas relief, a state prisoner must obtain a COA from a circuit justice or judge. 28 U.S.C. § 2253(c)(1). Until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

No. 11-70029

Supreme Court has stated that "[a] petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

In determining whether jurists of reason could disagree with the district court's resolution of constitutional claims, we "view[] the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000). "Under § 2254(d), when reviewing a claim adjudicated by a state court on the merits, we pay deference to the state court's decision regarding that claim, unless the decision [is] contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . [is] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (alterations in original) (quoting 28 U.S.C. § 2254(d)(1) & (2)). "Factual findings are presumed to be correct, and a petitioner has the burden of rebutting this presumption with clear and convincing evidence." *Brown v. Dretke*, 419 F.3d 365, 371 (5th Cir. 2005) (citing 28 U.S.C. § 2254(e)(1)).

Garza's ineffective-assistance-of-counsel claim is governed by the clearly established law set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Pursuant to *Strickland*, to have been entitled to relief from the Texas Court of Criminal Appeals, Garza had to

> show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes

3

both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

 "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*   Thus, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "Strategic choices" by counsel, however, "after thorough investigation of law and facts relevant to plausible options[,] are virtually unchallengeable." *Id.* at 690. And "the failure to present a particular line of argument or evidence is presumed to have been the result of strategic choice." *Taylor v. Maggio*, 727 F.2d 341, 347 (5th Cir. 1984).

To demonstrate prejudice, petitioner "must show . . . a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  And the "likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011) (citation omitted).

Lastly, "[t]he pivotal question" for federal court review is "whether the state court's application of the *Strickland* standard was unreasonable.  This [question] is different from asking whether defense counsel's performance fell below *Strickland*'s standard."  *Id.* at 785.  Thus, we will only issue a COA if jurists of reason could disagree with the district court's conclusion that the state court's application of *Strickland* was reasonable.

## DISCUSSION

Garza first contends his trial counsel rendered ineffective assistance by failing to challenge aggravating punishment evidence the State could have offered but ultimately did not.  Included in the State's notice of offenses it planned to introduce at trial was Garza's apparent involvement in the January

No. 11-70029

2003, gang-related murder of six people in Edinburg, Texas, known locally as the "Edinburg massacre." While under interrogation for the Edinburg crime, Garza made statements to police indicating that he had been involved in the murders. Garza maintains that before he made the statements, police had ignored his invocation of his right to counsel. Though at Garza's trial for the murders in nearby Donna the State did not mention the Edinburg massacre or Garza's statements about his involvement, Garza contends his trial counsel should have investigated the voluntariness of the statements and filed a motion *in limine* to prevent their admission.

The district court held that the state habeas court's conclusion that Garza had not effectively invoked his right to counsel during the interrogation was reasonable. Accordingly, because Garza's trial counsel had no valid basis to challenge the statements' admissibility, the district court found that counsel's performance was not deficient. The district court also held that Garza was not prejudiced because he had not shown that a successful attack on his confession would have prevented the State from proving his involvement in the Edinburg crime.

Based on our review, we conclude that Garza has not demonstrated that reasonable jurists would find debateable the district court's decision about prejudice. Therefore, we need not address any other part of the analysis. Although Garza clearly was not prejudiced by the Edinburg confession itself because it never came before the jury, he may be attempting to allege that the potential of its admission had a chilling effect on his evidence presentation. Even were that his argument, he has not shown that his statements were the only evidence the State could have introduced to show his involvement in the Edinburg murders. The district court found, and Garza does not challenge on appeal, that the record left open the possibility that Garza's participation in the Edinburg crimes could have been shown through eyewitness testimony.

5

Moreover, there was DNA evidence that placed Garza at the scene in Edinburg as revealed in a co-defendant's case.

Garza needed to convince the state habeas court that, but for counsel's alleged failure to investigate the voluntariness of his statements or challenge their admission, that the "likelihood of a different result was substantial." We conclude that fairminded jurists would not find debatable the district court's holding that the state habeas court was not unreasonable in denying relief on this basis under *Strickland*.

Garza next contends his trial counsel rendered ineffective assistance by failing to present any mitigating evidence at the punishment phase of his trial. Garza contends that in the light of the overwhelming aggravating evidence presented by the State – *e.g.*, Garza was a member of a street gang, had an extensive juvenile record, and had attempted to escape custody during his trial – trial counsel should have, at a minimum, called to testify two psychologists who had examined Garza and whose appointment trial counsel had requested for preparing a mitigation defense. Garza asserts that presenting no evidence on mitigation cannot be considered a "strategic decision" exempt from challenge under *Strickland*.

The district court construed Garza's claim as contending only that counsel was ineffective for failing to present mitigating evidence, not that counsel failed to conduct a sufficient investigation for mitigation evidence. Relying on the "well-developed record," particularly affidavits and testimony from Garza's trial counsel before the state habeas court, the court rejected Garza's claim. According to Garza's trial counsel, once the State rested its case without presenting evidence of Garza's extensive criminal history or his stated involvement in the Edinburg massacre, counsel decided, with Garza's consent, not to offer any mitigation evidence. The decision was made out of fear that the State would use cross-examination to bring the more egregious crimes before the

jury. Also, in addition to discovering potentially mitigating evidence, Garza's psychologists had identified offenses and bad acts – *e.g.*, sexual assault and murder as a youth – that had not been included in the State's notice of offenses for introduction at trial. Accordingly, the district court concluded that "the state habeas court reasonably found that trial counsel made a well-supported strategic decision to forgo the presentation of mitigation evidence."

We conclude that fairminded jurists could not take issue with the court's assessment of this claim. First, we think proper, and Garza does not dispute, the district court's treatment of his claim as one for failure to present mitigating evidence, rather than failure to investigate mitigating evidence. The record demonstrates that trial counsel conducted a thorough investigation for mitigating evidence, including interviewing several family members and successfully moving for the appointment of two psychologists to assist in developing a mitigation defense. We also find correct the district court's reliance on the affidavits and testimony from Garza's trial counsel to find that considerable thought and discussion went into the decision not to present mitigating evidence. Although Garza now faults his trial counsel's decision not to present evidence on mitigation, he does not dispute that the decision was made after his trial counsel considered the issue.

Finally, reasonable jurists would not debate the district court's conclusion that trial counsel's decision not to present mitigating evidence was a strategic choice unchallengeable under *Strickland*. *Strickland* does not "require defense counsel to present mitigating evidence at sentencing in every case." *Wiggins v. Smith*, 539 U.S. 510, 533 (2003); *Smith v. Quarterman*, 515 F.3d 392, 405 (5th Cir. 2008) ("Trial counsel's failure to present mitigating evidence during the penalty phase is not per se ineffective assistance."). Rather, "failure to present mitigating evidence, if based on an informed and reasoned practical judgment, is well within the range of practical choices not to be second-guessed" under

No. 11-70029

*Strickland. Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (quotation marks and citation omitted). Garza's trial counsel held a legitimate fear that offering mitigating evidence could result in the jury being presented with evidence of, among other things, Garza's stated involvement with the Edinburg massacre. And Garza does not dispute the likeliness of this occurring had trial counsel decided to offer mitigating evidence. As we have held, "a tactical decision not to pursue and present potential mitigating evidence on the grounds that it is double-edged in nature is objectively reasonable, and therefore does not amount to deficient performance." *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997); *see, e.g.*, *St. Aubin v. Quarterman*, 470 F.3d 1096, 1102-03 (5th Cir. 2006) (in life-imprisonment case, counsel's not presenting evidence of mental-health history as mitigating evidence was reasonable because it would have opened door to numerous violent incidents not previously introduced); *Riley v. Dretke*, 362 F.3d 302, 306 (5th Cir. 2004) (in capital case, counsel's not presenting evidence of mental retardation as mitigating evidence was reasonable to prevent negative jury finding on issue of future dangerousness).

Because we conclude that reasonable jurists could not find debatable the district court's conclusion that the state court did not unreasonably apply *Strickland* to Garza's ineffective-assistance-of-counsel claims, Garza's request for a COA is DENIED.